MUNICIPALITY OF CAGUAS, Plaintiff and Appellant, v. WEST INDIA OIL COMPANY, Defendant and Appellee.

No. 5720. Argued May 24, 1932.—Decided June 24, 1932.

*González Fagundo & González Jr.* for appellant. *José Carbia Miranda* for appellee.

Mr. Justice Wolf delivered the opinion of the Court.

The case involves a question of what should be considered the urban zone (*zona urbana*) of Caguas. Evidently the test of whether a particular part of a municipality is served with electric light and water could not in Puerto Rico properly determine what is the urban zone unless all the municipality is to be considered as urban, inasmuch as light and water go very frequently to a great part of any particular community, including country places. When the Municipality of Caguas passed an ordinance saying that no more gasoline stations should be established within the urban zone but in the outside parts only (*en las afueras*) it necessarily meant to give some sort of definition of the parts of the Municipality of Caguas that could be occupied by gasoline stations. The municipal assembly was not creating an impossibility. The two words taken together must have had more or less of a definite meaning for the assembly, for the inhabitants of the city and for its mayor. The District Judge of Humacao was in a good position to determine what should be considered as the urban part of Caguas and what its outside parts, and

he did so. He also took a view of the place and came to the definite conclusion that the gasoline station in question was not established in the urban zone of Caguas. It is true that in his opinion he said that the Mayor of Caguas originally had granted permission to the defendant to establish its gasoline station at its present location. We have taken the finding of the court as the principal matter in this case but the court also had a right to put some reliance on the original action taken by the mayor. Possibly the presumption of the Law of Evidence is applicable, that it may be presumed that official duty has been regularly performed. Of course this presumption is rebuttable and the mayor attempted to rebut it at the hearing by saying that originally he was under the impression that the location was outside of the town, but that he had become convinced to the contrary because, as we understand it, of the use of light and water in the place, the existence of a school and other buildings. Probably the assembly had in mind the limits of the old city of Caguas and not the more modern part which has been built up outside of the town. We do not think that the presumption of official duty duly performed was sufficiently controverted. The original impulse of the mayor was probably the right one, as the court below held.

This ordinance is a penal one. The violation thereof would subject the West India Oil Company to a fine or imprisonment. Any doubt about the ordinance should be taken most strongly in favor of the defendant.

The mayor originally granted the permit. Something of an estoppel should exist against the mayor to prevent him from seeking the aid of a court of equity.

In cases of doubt, as we have held, an injunction should not be granted.

Furthermore, it may also be doubted whether when the penalty is fixed by an ordinance the municipality may have recourse to a court of equity but rather is limited to the penalty fixed by the ordinance.

As the appellee points out, normally anybody has a right to do with his property as he chooses until duly restrained by laws. It may be questioned whether the municipality has duly invoked the police power under which it claimed to have acted. There is no presumption of a police power. The necessity for its exercise should clearly appear. We doubt if any such necessity arose in Caguas, and the appellant does not show that there was such necessity. The court below refused the issuance of an injunction and every intendment is in favor of this judgment until the appellant clearly convinces us to the contrary.

The judgment should be affirmed.